## SCHOENBORN v MONETT

Ohio Appeals, 2nd Dist, Franklin Co

No 2182.   Decided Feb 21, 1933

Gumble & Gumble, Columbus, for plaintiff.

Hedges, Hoover & Tingley, Columbus, and John H. Eagleson, Columbus, for defendant.

KUNKLE, J.

We have studied the record in this case with considerable care to ascertain the facts.

Counsel have favored the court with very exhaustive briefs in which portions of the testimony are quoted and commented upon and the authorities pertinent to the issues raised by the pleadings are discussed in detail.

There has also been filed with us the written opinion of Judge Reynolds of the Court of Common Pleas in which he reviews the case in detail and renders a finding in favor of the defendant.

There have also been filed with us the findings of fact and conclusions of law and the memorandum of Mr. E. L. Weinland, the Special Master Commissioner, who reviews the case in detail in such memorandum and gives his reasons for the findings of fact and conclusions of law made by him as Special Master Commissioner in the case.

We might well, and probably should, dispose of this case upon the written opinion of the trial judge and the reasons set forth in the memorandum of the Special Master Commissioner as both of these decisions review the facts and the controlling authorities in detail.

In brief, however, the action of plaintiff is based upon the written agreement, Plaintiff's Exhibit D.

This agreement, without quoting the same in detail, recites that,

"Whereas Laura Monett of the city of Columbus, Ohio, is the owner of a certain tract or parcel of land (which is then described in detail) in consideration of the sum of one dollar and other good and valu-

able considerations to her paid by the said Edward M. Schoenborn, the receipt whereof is hereby acknowledged, I, the said Laura Monett for myself, my heirs, etc. do hereby give grant and convey unto the said Edward Schoenborn, his heirs and assigns, the right to use the north wall of the building now located on the premises owned by me as above recited, as and for the south wall of a building now being erected by said Edward M. Schoenborn, and said wall shall be held and considered as a party wall, provided however, that it is not the intention of the said Laura Monett, to convey or grant any right, title or interest in the land on which said brick wall is located."

This agreement purports to be signed by Laura Monett and purports to be acknowledged by Laura Monett before a Notary Public. The undisputed testimony is that Laura Monett was away when this instrument was executed and that her son, the defendant, signed the name Laura Monett to the instrument in question. While it purports to be acknowledged by Laura Monett before a Notary, it is admitted that Laura Monett never signed or acknowledged the instrument. The undisputed testimony as found on pages 43 and 44 of the record is as follows:

"Q. What is the fact as to who was the owner of the particular piece of property under discussion at the time that you signed this agreement. A. My mother was the owner of the property at the time.

Q. Did you have any written authority or power of attorney from her to sign this particular document? A. I had never had any authority of that kind from her. I mean by that I had never had any written authority to make permanent conveyances.

* * *

Q. Well, we will stay inside the question. Did you have written authority to sign the particular document which has been marked Plaintiff's Exhibit D?. A. I did not."

Without again reviewing the authorities, we are clearly of opinion that the agreement sued upon is void and that the plaintiff acquired no rights thereunder.

There is no suggestion in the record that Laura Monett during her lifetime ever knew of the existence of this agreement. Her son did look after certain of her business matters and in a way represented her, but from the record was without authority to execute the agreement in question.

This is not a case of imperfect execution which the real grantor attempted to sign and which in equity might be upheld. There is no suggestion in the testimony that Laura Monett during her lifetime did anything which would have estopped her, or, as above stated, even knew of the existence of such instrument.

It is claimed however, that inasmuch as the defendant has subsequently become the owner of the property that he is estopped from questioning the agreement. If the agreement is void, then that is the end of the instrument.

Was the conduct of the defendant during the negotiations leading up to the preparation of the agreement in question such as to estop him from raising the questions which he now presents?

No consideration, not even the dollar, passed between the parties and we think the testimony clearly shows that the plaintiff understood he was acquiring nothing more than a temporary right.

This is clear from the testimony of the defendant and particularly from the testimony of Mr. Converse who was the agent of Mr. Schoenborn, the plaintiff herein, and who largely conducted the negotiations for Mr. Schoenborn. On page 73 of the record, Mr. Converse testifies as follows:

"Q. Now. You say you discussed with Mr. Monett and Mr. Schoenborn about the temporary use, is that correct? A. Yes sir.

Q. Now, do you mean by that that after this building was erected as it had been that Howard Monett could tear it down the next day? A. That was my understanding. However there was a lease to Hartford on there that run for two years or longer.

Q. That was your understanding and did you advise Mr. Schoenborn at that time? A. Yes sir.

Q. That Howard Monett the next day if he wanted to could? A. That building could be torn down.

Q. You told him that at that time? A. Yes sir.

Q. And he decided to take that chance, did he? A. Yes sir.

Q. And after your talk with Schoenborn and telling him that you advised him to go ahead, did you? A. Why, he could probably build a wall cheaper when that wall was torn down than he could at that time.

Q. Just answer the question. A. Yes sir.

Q. You advised him still to go ahead? A. Yes."

From the testimony of Mr. Converse, the agent of the plaintiff, and from all the facts and circumstances surrounding the negotiations, we are of opinion that the plaintiff is not entitled to the relief sought.

The same judgment will be rendered in this court as was rendered in the lower court.

HORNBECK, PJ, and BARNES, J, concur.